PH

FILED

MAR 2 1 2014
3-21-14
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS
~~Amended~~ Complaint

Jay Transportation Employees
Plaintiffs,
V
Pace Par Transit Division,
Defendant,

1:14-cv-02010
Judge Ronald A. Guzman
Magistrate Judge Jeffrey Cole

Come now the employees of Jay transportation pro se and state as follows;

The courts Jurisdiction depends on Title 28 USCA §' 1331, 1367, 1343 (3)

This cause arises under title 42 USCA §§ 1981, 1983

The relief set forth under title 42 USCA § 1983

1. That Jay transportation is qualified to participate in a contract award, we see every day we render better pick up and drop off services than any other vendor.
2. That defendant award impaired Plaintiff obligation under 30 ILCS 500 45/45& art 1§10
3. We believe that contracts' are not being distributed fairly, and that the par transit division, are allowing arbitrary awards, which is a violation of § 1871, art 1§ 10 1983,
4. That Under 30 ILCS 500-45/45 we the employees' deserve at least a set aside award, being one of the smallest vendors. Under this following policy.
5. That participation set forth pursuant to 30 ILCS 500- 45/45 articulates participation awards are first distributed to qualified applicants, under the set aside program.
6. Pursuant to article 1 § 10 of the contract clause, the Supreme Court articulates that private contracts are awarded for a public benefit. Therefore pace owes jay employees as well as management these benefit and privilege, for the purpose of our jobs stability.
7. We also believe Jay's employees' contract will be a benefit to pace, and their riders.
8. The preclusion of jay contract has actually sustained injury to its employees, who are from a protected class. The following precedents states as follows: A person who has sustain injury as the result of discrimination statute, practice, or policy has standings to challenge the standings. Carnegie v State 246 Ga. 187, 269 S. E. 2d 457 (1980) people v Pacheco 53 N.Y. 2d 663 438: 421 N.E. 2d 114 (1981) Plaintiff contends abuse practice, policy under 30 ILCS 500 45/45, statute 1983 & 1871 equal rights Act, Art 1 § 10 USCA and S, Ct. R. for relief for justifiable end {pursuant to Art 1§ 4 Ill. Constitution.

   This case again arises under title 42 USCA § 1981 for Third party contract detriment.

{Plaintiff's set forth prima facie case}

9. The defendant's abuse of discretion set forth under 42 USCA § 1981 was an injury to the plaintiff equal right to third party or set aside contract. This states under 1871 Act equal rights to contracts. The results from defendant not allowing this procedure for the plaintiff was a breach of public policy, and affects our substantial right owed to the plaintiff's pursuant to 42 USCA § 1981 these effects are proximate cause and injury.
10. Pursuant to Article 1§ 4 of the Illinois constitution when one set forth abuse of liberty whether criminal or civil cases shall be in his defense for abuse, for justifiable end.
11. West Key number 1331,{3} persons have standings by alleging injury and violation of their protected interest, plaintiff does show he was from a protected class, wished to enter into a contract relation with defendant, met all the requirements to participate in contract, defendant exercised such authority to plaintiff's detriment.
12. Title 42 USCA §1981 prohibits racial discrimination, in the making, performance, modification, and termination of contracts.

**13. Points and Authorities 1.**

14. West Law key NO. 82 to 82-2 82 61, Accordingly, a law that has no purpose other than to chill the assertion of constitutional rights is immaterial whether legislative, executive, or judicial in nature. (Article 1V USCA and Treaties.)Title 42 USCA §§1981-3
15. This 14th amendment right was adopted to implement to the Federal constitution and to protect state invasions of federal guaranteed rights. West Key No. 1004 **(point 2.)**

The set aside minority program is a protected class, in which plaintiff is within its standings to participate in state of Illinois procurements, persons. One of their pervious ditch batches contend 1st transit was modified additional 1500 trips, rather jay's denied.

> A person actually sustained injury as a result of discrimination statute, practice, policy or who being to a class discriminated against has standing to challenge. Ga. Carnegie v state 246 Ga. 187 269 S. E. 2d 457 (1980) NY. People v Pacheco, 53 NY 2d 663 438, 421 N.E. 2d 114 (1981) 1st transit contracts were modified, rather jays denied. **(Point 3)**

## Argument

First Transit is advertising on the radio para transit drivers for employment, rather than Jay downsizing employment due to the preclusion of pace contract award for jay employees, who are experiences drivers, Jay employees deserve trips for employment, benefits and modification of contract same as first transit.

Law: For a plaintiff to prevail on a claim under title 42 USCA § 1981 based on defendants discriminatory interference with its ability to contracts with a third party, defendant possessed sufficient authority to interfere significantly with its ability to obtain contract with third party and defendant exercised such authority to the plaintiffs' detriment.

**Fact:** The new contract award, from Pace para transit that precludes plaintiffs' who has more experience (8yrs of continuation experience) rather than the new award to (1st Transit) was discrimination in third party contract award.

**Jurisdictional Issue for Review**: Whether Pace Para Transit contract preclusion to jay employees renders a void decision absent of policy, or statute rendered arbitrarily, in the new third party vendor (1st Transit) contract decision?

Conclusion

The following precedents and facts have jurisdiction that entitles Plaintiff to prevail. Jurisdictional issues are reviewed de novo US V 51 Pieces of Real Property ,17 F 3d 1306, 1309 (10 Cir. 1994).

A petition for relief from judgment evokes the trial court power which should prevent enforcement of a judgment would be unfair or unjust or inequitable In Re County Treasure, 347 Ill. 3d 769,774. 283 Ill. Dec. 201, 807 N.E. 2d 1042 (2004. Therefore the trend in Illinois is to relax the due diligence standard to prevent default of substantial justice **(Point 4) Plaintiff's requests similarity:**

---

The litigation should be determined on the merits and substantive rights of the parties. Quoting the court must consider all the circumstances of the proceedings and liberally construe to the scope of relief available to prevent an unjust result.
Pirman v. A&M Cartage Inc, 285 Ill. App 3d 993, 1003, 221 Ill. Dec. 201. 807 N.E. 2d 1042 (1996) **(Point 5) Plaintiff's requests similarity:**

---

WHEREFORE, plaintiff request the determination on the merits and substantial rights to modify a contract under the due diligence from title 42 USCA § §1983, 1871 for defendant denial of contract participation, subject injustice conduct, under color of state law to privilege, right, and immunity plaintiff requests liability in this proper proceeding.

This action will be brought to the federal district court within thirty days pursuant to interrogatives answers. Or consideration may avoid this action.

Jay Employee'

**Plaintiff first set of interrogatives**

*Jay employee' v. Pace Para Transit*
*213f Interrogatories to Defendant Pace Para Transit*
*Pursuant to Supreme court rule 213 {f} demand is hereby made upon the defendant to answer or respond to these interrogatives within{ 28} twenty eight days*

State the basis on allege relevant facts and support: the conclusion and opinion, along with the basics for the conclusion or opinion, show how defendant facts and supports disprove the liability and injury in this case; obtains personal, irrelevant, information, from a court order (Stipulation and public policy)
ANSWER: allow/ objects

1._**The** name and address of person refuting protected class: (prima facie, case.) Please explain?
**Answer:**
**2. The** name and address of any witness refuting plaintiff discrimination, conspiracy, illegal abuse of discretion, and predatory bidding. Please explain?
**Answer.**
**3. The** name and address of any witness refuting plaintiff doesn't deserve the equal right or third party contract same as anyone else. Please explain?
**Answer;**
**4. The** name and address of any witness, person, refuting, plaintiff injury showing defendant's action harmless for liability and doesn't deserve compensatory damages. Please explain?
**5.** The name of any witness who can state that the state of Illinois Para transit doesn't owe an obligation when the obligation is reasonable and necessary to serve an important public purpose. Please explain?
**ANSWER.**

6. Name and address of witness who was present on 2/12/14 that can dispute plaintiff wasn't downsized at Jay Med car transportation. Please explain?

**Answer;**

7. **Was** defendant approved by C.M.S. To participate in any set aside award?

If so please support and explain your status.

Answer:

8. Please explain how 1st transit business services are superior to jay's services, explain how pace contract award to first transit monopoly wasn't harmless or didn't monopolize the set aside award, and support that it doesn't violate § 2 of Sherman anti trust act.

Answer:

9. (1) Was any witness present at the meeting when jay contends loosing 300, 000.00 with the pace service that doesn't cover the out puts?(2) from the first analysis there is a more probable than not, that in the future defendant pace para transit will have to increase prices to 1st transit to regain their losses ( please respond to these two points of predatory bidding).

Answer.

10. Demonstrate how the contract award to 1st transit doesn't restrain the set aside award to Jay employees or is not a restraint under the provision of § 1 of the Sherman act.

Answer:

11. Demonstrate how the rule of reason can apply to management of services that first transit never have experienced, with intercity trips that was deemed by Pace para transit anti competitive to jay transportation who has inter city experience.

Answer.

12. Demonstrate that the ant competition elimination to jay set aside award wasn't a monopoly, and that the defendant was unaware of his monopoly actions or it wasn't intent. Explain.

Answer.

13. Plaintiff request defendant to demonstrate that the low bid to 1st transit didn't amount to price discrimination that didn't have a reasonable possibility to injury competition in violating § of the Claytons act as amended by the Robinson pitman act, that did not restrain plaintiff's economic growth. (Or wasn't under the Brooke Group theory.)

Answer: